## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **MELISSA STEVENS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:** |
| | ) | |
| **EPARTMENT COMMUNITIES, LLC** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates the Federal Court in Kansas City, Kansas as the place of trial.

## COMPLAINT

COMES NOW Plaintiff, Melissa Stevens, by and through the undersigned counsel, and states and alleges as follows for her Complaint against the above-named Defendant:

## PARTIES

1.     **Plaintiff** is a Kansas citizen who, at all times relevant to the allegations herein, resided in Missouri.

2.     **Defendant Epartment Communities, LLC ("Epartment" or "Defendant")** is a limited liability company formed under the laws of Missouri, that is operating and conducting business in the State of Kansas.

3.     At all relevant times, Plaintiff was a "qualified employee" as defined by 42 USC §12111(8) of the ADA.

4.     At all relevant times, Defendant was a "covered" employer as defined in 42 USC § 12111(5)(A) of the ADA.  At all material times, Defendant was an "employer" within the meaning

1

ADA, 42 U.S.C. § 12111(5)(A), in that it is engaged in industry affecting commerce, and at all relevant times employed more than 15 persons.

5.      Defendant is an entity which acts through agents and/or employees. It is liable for the conduct of its agents and/or employees acting within the course and scope of their agency and/or employment, its own negligence or unlawful conduct, the acts of its agents and/or employees, which it knowingly ratifies, injuries incurred by agents' and/or employees' performance of its non-delegable duties, acts done by agents and/or employees for which the agency and/or employment relationship allows or assists the agent and/or employee to perform, and acts its agents and/or employees take by virtue of their position with Defendant.

6.      At all times mentioned herein, all of Defendant's employees referenced in this Complaint were the agents, servants, and employees of Defendant who were all acting within the course and scope of their employment with Defendant.

**JURISDICTION AND VENUE**

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the federal laws: Title VII and 42 U.S.C. § 1981.

8.      All or a substantial portion of Defendant's unlawful employment practices complained of herein occurred in Kansas, and, accordingly, jurisdiction and venue are proper in this Court pursuant to 28 U.S.C § 1391(b).

**CONDITION PRECEDENT**

9.      Plaintiff filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC"). A true and accurate copy of the Charge is attached hereto as *Exhibit A* and is incorporated herein by reference.

10.      EEOC issued a Notice of Right to Sue concerning the Charge. A true and accurate

copy of the Right to Sue Notice is attached hereto as ***Exhibit B*** and is incorporated herein by reference.

11.     This action has been timely filed with this Court, and Plaintiff has met all conditions precedent to filing this action.

## FACTUAL ALLEGATIONS

12.     Plaintiff was initially hired on December 22, 2019 to work in the office at the Avenue 80 Apartments property ("Avenue 80") in Overland Park, Kansas.

13.     Ms. Stevens was hired by Epartment in December 2019 to work as a Community Manager and Property Manager of Commercial Services ("Community Manager") in the office at Avenue 80.

14.     Ms. Stevens's duties as Community Manager at Avenue 80 included supervising her team of five (5) employees which included the Assistant Manager, Leasing Professional, and Maintenance Supervisor for Avenue 80.

15.     As part of her duties as Community Manager, Ms. Stevens also oversaw all services for Avenue 80 residents and managed all issues involving staffing for the management office at Avenue 80, security and fire protection at Avenue 80, and injury/safety issues at Avenue 80.

16.     Ms. Stevens had an office on-property at Avenue 80.

17.     As Community Manager, Ms. Stevens reported directly to Ms. Denise Yates, Vice President of Operations and Development for Epartment, and Mr. Alan Waterman, Vice President of Asset Management for Epartment

18.     Plaintiff was promoted within the first (6) six months of employment.

19.     On or about June 26, 2020, Yates texted Plaintiff asking her to come up to the corporate office to meet. She said she noticed that Plaintiff was distracted and asked her if there

was something going on. Plaintiff broke down and explained to Yates that she had not been sleeping lately due to her husband suffering with PTSD.

20.     Yates told plaintiff that she was there to help and asked what she could do. Plaintiff explained that she was always pressed for time and that they needed help in the office so she could focus on work.

21.     Yates said she would get help in the office, and told Plaintiff that Plaintiff needed to tell the team that she was unable to continue with the additional duties that she had taken on for them.

22.     After the June 26 meeting, Plaintiff texted Yates a thank you text message.

23.     Yates replied thanking Plaintiff for opening up and telling Plaintiff that the company would be there for her.

24.     After the June 26 meeting, Plaintiff told her team that she needed help and asked the team members individually to take on the community inspections, the invoices, and the social media replies as they applied to each team member.

25.     Plaintiff explained that she needed the time to focus on her own duties and that the reason she had not been her normal positive upbeat self was due to a personal matter and not a work related one.

26.     On or about July 29, 2020, masses were found on Plaintiff's breasts during a medical checkup.

27.     On August 3, 2020, Plaintiff texted Yates and asked if the two could have a quick chat.

28.     Plaintiff called Yates and told her about the masses and that she would have more doctor appointments, including a mammogram and ultrasound scheduled.

29.    On August 27, 2020, Gina Johnson in Human Resources told Plaintiff that she needed to email her a couple of PTO requests and documentation for doctor appointments on August 24 and 25.

30.    Plaintiff called Johnson on the phone and told her about the masses and the additional upcoming appointments. also informing Johnson of the need for hernia surgery.

31.    On August 31, 2020, Plaintiff was called to the corporate office to discuss a company people analyzer with Waterman and Yates. The issues discussed were as follows: Plaintiff was told that she needed to delegate more work; hold weekly team meetings with the whole team; and enforce "LMA" leadership management and accountability.

32.    On September 1, 2020, Plaintiff held a team meeting where she discussed the meeting she had with Waterman and Yates, and showed them the paperwork she received.

33.    The team came up with a plan for each one of the issues they were experiencing as a team to make it more efficient and effective.

34.    On September 8, 2020, Plaintiff emailed Johnson asking for FMLA paperwork for treatment and recovery related to the medical issues she and Plaintiff discussed.

35.    Johnson emailed Plaintiff back and said Defendant was not large enough to offer FMLA and that Plaintiff would need to use PTO.

36.    Later that day, Waterman and Yates called Plaintiff and fired her. They said despite seeing improvement in the past week or two since the August 31 meeting, Plaintiff was not the right person for the job.

37.    At all times relevant herein, the above-described perpetrators, including but not limited to employees of Defendant, were all acting within the course and scope of their agency

and/ or employment with Defendant, or their actions were expressly authorized by Defendant making Defendant liable for their actions under all theories pled herein.

38.      At all times relevant herein, Defendant ratified the actions of the above-described perpetrators, thus making Defendant liable for their actions.

## COUNT I
## ADA – Discrimination
### (42 U.S.C. § 12101 et seq.)

39.      Plaintiff hereby incorporates by reference every other allegation of this Petition as if fully set forth herein.

40.      The ADA/ADAAA prohibits discrimination against a person who has a physical or mental impairment that substantially limits one or more major life activities, which with or without reasonable accommodation does not interfere with the individual's ability to perform the essential functions of the job in question.

41.      Plaintiff's hernia is a disability as defined by the Americans with Disabilities Amendments Act of 2008, because it would substantially limit her in various major life activities, including the ability to squat, lift, and stand.

42.      Plaintiff was qualified to perform the essential functions of her job with or without reasonable accommodation.

43.      The conduct and actions by the above-described perpetrators were performed on the basis of Plaintiff's disability and/or being regarded as having a disability and/or record of disability and constitute discrimination based on disability.

44.      Plaintiff suffered an adverse employment action as a result of Defendant's conduct as referenced herein, including but not limited to wrongful termination of Plaintiff's employment.

45.      Defendant's unlawful conduct directly and proximately caused and will continue

to cause Plaintiff to suffer damages, including but not limited to lost wages and emotional distress.

46.     Defendant's treatment of Plaintiff was punitive in nature and was based upon Plaintiff's status as a person who has, or is regarded as having, or has a record of a physical or mental impairment that substantially limits one or more major life activities.

47.     Defendant's actions were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others. Therefore, Plaintiff is entitled to punitive damages from Defendant to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE Plaintiff prays for judgment in his favor and against Defendant on Count I of her Complaint, for a finding that she has been subjected to unlawful discrimination as prohibited by the ADA/ADAAA; for an award of compensatory and punitive damages; for reinstatement or an award of front pay; for an award of back pay; pre-judgment and post-judgment interest as provided by law; for her costs expended herein; reasonable attorneys' fees; and for such other and further relief as this Court deems just and proper.

## COUNT II
## ADA – Discrimination
### (42 U.S.C. § 12101 et seq.)

48.     Plaintiff hereby incorporates by reference every other allegation of this Petition as if fully set forth herein.

49.     The ADA/ADAAA prohibits discrimination against a person who is regarded as having a physical or mental impairment that substantially limits one or more major life activities.

50.     In its active state, breast cancer is a disability as defined by the Americans with Disabilities Amendments Act of 2008, because it would substantially limit Plaintiff in various major life activities, including normal cell functioning and the immune system.  In its untreated

and active state, breast cancer would result in explosive and uncontrolled cell growth, leading to it spreading to other parts of the body and causing bleeding, sickness, pain and death.

51.     Defendant regarded Plaintiff as afflicted with breast cancer when she reported the masses on her breasts and the need for related doctor appointments, including a mammogram and ultrasound.

52.     The conduct and actions by the above-described perpetrators were performed on the basis of Plaintiff's disability and/or being regarded as having a disability and/or record of disability and constitute discrimination based on disability.

53.     Plaintiff suffered an adverse employment action as a result of Defendant's conduct as referenced herein, including but not limited to wrongful termination of Plaintiff's employment.

54.     Defendant's unlawful conduct directly and proximately caused and will continue to cause Plaintiff to suffer damages, including but not limited to lost wages and emotional distress.

55.     Defendant's treatment of Plaintiff was punitive in nature and was based upon Plaintiff's status as a person who has, or is regarded as having, or has a record of a physical or mental impairment that substantially limits one or more major life activities.

56.     Defendant's actions were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others. Therefore, Plaintiff is entitled to punitive damages from Defendant to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE Plaintiff prays for judgment in his favor and against Defendant on Count II of her Complaint, for a finding that she has been subjected to unlawful discrimination as prohibited by the ADA/ADAAA; for an award of compensatory and punitive damages; for reinstatement or an award of front pay; for an award of back pay; pre-judgment and post-judgment

interest as provided by law; for her costs expended herein; reasonable attorneys' fees; and for such other and further relief as this Court deems just and proper.

**COUNT III**
**ADA – Retaliation**
**(42 U.S.C. § 12203 et seq.)**

57.    Plaintiff hereby incorporates by reference every other allegation of this Petition as if fully set forth herein.

58.    Plaintiff's request for a reasonable accommodation in the form of leave for treatment and recovery related to the hernia constituted protected activity.

59.    As a result of Plaintiff's protected activities, Defendant subjected Plaintiff to adverse employment actions as alleged herein, including but not limited to terminating Plaintiff.

60.    Defendant's retaliation against Plaintiff was intentional, willful, and malicious, and constituted a willful violation of Plaintiff's federally protected rights.

61.    At the time Defendant retaliated against Plaintiff, Defendant knew that such retaliation was unlawful.

62.    Defendant's unlawful conduct directly and proximately caused and will continue to cause Plaintiff to suffer damages, including but not limited to lost wages and emotional distress.

63.    Defendant's actions were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others. Therefore, Plaintiff is entitled to punitive damages from Defendant to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE Plaintiff prays for judgment in her favor and against Defendant on Count III of her Complaint, for a finding that she has been subjected to unlawful retaliation as prohibited by the ADA/ADAAA; for an award of compensatory and punitive damages; for reinstatement or

an award of front pay; for an award of back pay; pre-judgment and post-judgment interest as provided by law; for her costs expended herein; pre-judgment and post-judgment interest as provided by law; for his costs expended herein; reasonable attorneys' fees; and for such other and further relief as this Court deems just and proper.

## <u>JURY TRIAL DEMAND</u>

Plaintiff hereby demands a jury trial on all issues so triable.

**RESPECTFULLY SUBMITTED,**

**HOLMAN SCHIAVONE, LLC**

By*:*       /s/ Kirk D. Holman
        Kirk D. Holman, MO Bar #50715
        Aiman Dvorak, Mo Bar #69068
        4600 Madison Avenue, Suite 810
        Kansas City, Missouri 64112
        TEL: (816) 283-8738
        FAX: (816) 283-8739
        kholman@hslawllc.com
        advorak@hslawllc.com
        **ATTORNEYS FOR PLAINTIFF**